UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**ANN DANZIGER and ARNOLD DANZIGER,**
**her husband,**

        Plaintiffs,

v.                                              **CASE NO. 3:05-cv-686-J-16MMH**

**MERCK & CO., INC., a foreign corporation,**
**and RICHARD RICE**

        Defendants.
_____/

**ORDER**

        Before the Court is Defendants' Motion to Stay All Proceedings Pending Transfer Decision by the Judicial Panel on Multi-District Litigation ("MDL") (Dkt. 8), to which Plaintiffs filed a Response in Opposition (Dkt. 13). Plaintiffs also filed a Motion to Remand (Dkt. 11) and Defendants filed a Response in Opposition (Dkt. 16). Defendants then filed a Motion to Refer Plaintiffs' Motion to Remand to the MDL Proceeding (Dkt. 14), to which Plaintiffs filed a Response in Opposition (Dkt. 17).

        Plaintiffs argue the Court should remand this case to state court as there is no diversity of citizenship for jurisdictional purposes as Defendant Richard Rice was not fraudulently joined. Under this rationale, Plaintiffs therefore oppose both Defendant Merck & Co., Inc. ("Merck") Motion to Stay (Dkt. 8) and Motion to Refer Plaintiffs' Motion to Remand to the MDL Proceeding (Dkt. 17). Conversely, Defendant Merck seeks to have the Court defer ruling on Plaintiffs' Motion to Remand (Dkt. 11) and instead to have the Court refer the remand motion to

the MDL Panel.

After reviewing the record, the Court finds judicial economy and uniformity will best be served if the Court defer ruling on Plaintiffs' Motion to Remand (Dkt. 11). This will allow the MDL Panel to address the issue of remand with other similarly situated VIOXX cases. Indeed, in a Status Conference held before MDL Judge Fallon on June 23, 2005, Judge Fallon noted the following concerning remand motions:

> This is always an issue which the MDL Court has to look at. The question is posed. There are various issues of remand in various cases throughout the country. Again, a significant advantage of the MDL concept is some consistency. The Rule of Law is really based on consistency. If different decisions are made by numerous judges, then you have no consistency and no predictability and no one knows exactly what to do or how to do it. It's easier if one court decides some of these matters than if 50 or 100 courts decide the matter.
> I'm conscious of dealing with the remand as quickly as possible, but I do want to get them all together, look at them, see if I can group them in some way, and then direct my attention on each particular group and deal with that issue in a consistent and fair fashion for that group. I will be dealing with them as quickly as I can, but also with an idea of having more consistency.

(Dkt. 14, Exhibit 2 at 21). See In re Ivy, 901 F.2d 7, 9 (2d Cir. 1990)(providing "the MDL panel has jurisdiction to transfer a case in which a jurisdictional objection is pending, that objection to be resolved by the transferee court.")(internal citation omitted); Falgoust v. Microsoft Corp., 2000 WL 462919, *2 (E.D. La. 2000)(noting "the [Judicial Panel on Multidistrict Litigation "JPML"] has the power to transfer cases with motions to remand pending, and the district courts have discretion to stay actions pending decisions of the JPML even where jurisdictional questions exist").

Accordingly, upon due consideration, it is hereby **ORDERED AND ADJUDGED:**

1. Defendants' Motion to Stay (Dkt. 8) is **GRANTED** and this case is hereby **STAYED**.

2. Defendants' Motion to Refer Plaintiffs' Motion to Remand to the MDL Proceeding (Dkt. 14) is **GRANTED.**

3. Plaintiffs' Motion to Remand (Dkt. 11) is **DENIED** without prejudice.

4. The parties' Joint Motion for Enlargement of Pre-Trial Deadlines (Dkt. 15) is thus rendered **MOOT**.

**DONE AND ORDERED** at Jacksonville, Florida, this __7____ day of September 2005.

copies:

Counsel of record

_____
JOHN H. MOORE II
United States District Judge